UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and JOHN MEGGS,

    Plaintiff,

v.

44TH AND WADSWORTH LIMITED
LIABILITY COMPANY and PNS
STORES, INC D/B/A BIG LOTS,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue 44TH AND WADSWORTH LIMITED LIABILITY COMPANY and PNS STORES, INC. D/B/A BIG LOTS, (hereinafter "Defendants"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not For Profit

Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

5. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between Los Angeles County, California and Denver County, Colorado, and is otherwise *sui juris*.

6. At all times material, Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY, was and is a Limited Liability Company, incorporated under the laws of the State of Colorado, with its principal place of business in Sherman Oaks, California.

7. At all times material, Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY, owned and/or operated a shopping center located at 4184 Wadsworth Blvd, Wheat Ridge, Colorado 80033 (hereinafter the "Commercial Property").

8. At all times material, Defendant, PNS STORES, INC., was a Foreign Limited Liability Company, incorporated under the laws of the State of California, with its principal place of business in Columbus, Ohio.

9. At all times material, Defendant, PNS STORES, INC., owned and operated a commercial restaurant business at 4260 Wadsworth Blvd, Wheat Ridge, Colorado 80033 [1] (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Big Lots."

10. Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Aurora, Colorado, Defendants regularly conduct business within Wheat Ridge, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Wheat Ridge, Colorado.

---

[1] Property Address is located within the commercial property 4184 Wadsworth Blvd Wheat Ridge, Colorado 80033, owned by Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY.

FACTUAL ALLEGATIONS

11. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

15. Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Wheat Ridge, Colorado, that is the subject of this Action.

16. ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not

discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS 4 ALL INCORPORATED, has also been discriminated against because of its association with its disabled members and their claims.

17. Defendant, PNS STORES, INC., owns, operates and/or oversees the retail store located in Wheat Ridge, Colorado, that is the subject of this Action.

18. The subject Commercial Property is open to the public and is located in Wheat Ridge, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about March 15, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

19. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

20. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

21. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

22. Defendants, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY and PNS STORES, INC., own/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY and PNS STORES, INC., own and operate is the Commercial Property business located at 4184 Wadsworth Blvd Wheat Ridge, Colorado 80033.

23. Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and business located within the

Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

24. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in Counts I and II of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

**COUNT I – ADA VIOLATIONS
AS TO 44TH AND WADSWORTH LIMITED LIABILITY COMPANY**

25. The Plaintiffs adopts and re-allege the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

27. Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during JOHN MEGGS' visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. <u>Parking</u>

i. John Meggs was unable to find properly identified accessible spaces due to missing required signage, violating ADAAG Section 4.6 and ADAS Section 502.

ii. John Meggs was unable to find signs posted at insufficient heights of 56" (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

iii. John Meggs was unable to find accessible parking signs as they are posted at insufficient heights of 57" (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for John Meggs to access Big Lots which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

**COUNT II – ADA VIOLATIONS AS TO 44TH AND WADSWORTH LIMITED LIABILITY COMPANY AND PNS STORES, INC.**

28. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

29. Defendants, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY and PNS STORES, INC., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

7

accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

30.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during JOHN MEGGS' visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Access to Goods and Services

i. Interior paths and checkout aisles at Big Lots lack 36" min clear width required by the 2010 ADAS, 24", impeding John Meggs.

B. Restrooms

i. There are exposed pipes in restrooms at Big Lots, lacking the required insulation, causing safety issues for John Meggs, violating Section 4.19.4 of the ADAAG.

ii. John Meggs is unable to reach Dispenser controls 57" (48" AFF max). The Diaper changing table control is >48" AFF, which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iii. John Meggs is unable to reach Dispenser controls 56" (48" AFF max). Soap dispenser control is mounted at a height > 48", which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iv. John Meggs is unable to reach Dispenser controls 63" (48" AFF max). The coat hook is mounted above 48", which exceed limits in ADAAG and 2010 ADAS Sec. 308.

v. Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604.

vi. John Meggs cannot access mounted dispenser at Big Lots, as it is 1/2" below grab bar and does

       not comply with section 609.3 of 2010 ADAS.

vii.   Paper toilet seat dispenser is mounted 4" above grab bar (12" min), prevent use by John Meggs, violating the ADAAG and 2010 ADAS.

viii.   Toilet has improper centerline 18.5" from side wall; (16" to 18"), denying access to John Meggs, violating the 2010 ADAS.

ix.   Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

31.    The discriminatory violations described in Counts I and II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiffs request the inspection in order to participate in crafting a remediation plan to address Plaintiffs' request for injunctive relief.

32.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The

individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiffs further request a remediation plan and the opportunity to participate in the crafting of the remediation plan.

33. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.   Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. While Defendant, 44TH AND WADSWORTH LIMITED LIABILITY COMPANY, as landlord and owner of the Commercial Property, is primarily responsible for all

ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

36.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37.     Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

38.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Wheat Ridge, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against

Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 3, 2022

          **GARCIA-MENOCAL & PEREZ, P.L.**
          *Attorneys for Plaintiff*
          1600 Broadway, Suite 1600
          Denver, Colorado   80202
          Telephone: (720) 996-3500
          Facsimile: (720) 381-0515
          Primary E-Mail:   ajperez@lawgmp.com
          Secondary E-Mail: dperaza@lawgmp.com
          bvirues@lawgmp.com.

          By:     */s/ Anthony J. Perez*
               ANTHONY J. PEREZ
               BEVERLY VIRUES